IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | CRIMINAL No. 10-473 |
| | : | CIVIL No. 16-1970 |
| HALYARD CARTER | : | |

MCHUGH, J.                                                                                                                          October 26, 2017

### MEMORANDUM

      Petitioner Halyard Carter is currently serving the sixth year of a twenty-year sentence imposed by another member of this Court. He believes he was sentenced under an unconstitutionally vague law, and argues that his sentence should be reduced based on recent cases finding similar laws unconstitutional. Last year, he filed a *pro se* Motion to Correct Sentence Under U.S.C. § 2255, which I denied earlier this month. He then filed this "Motion to Reopen His Section 2255 Proceeding for Reconsideration under Rule 59," which I construe as a timely Motion to Alter or Amend a Judgment under Rule 59(e) or as a Motion for Reconsideration under Rule 60(b). Petitioner Carter seeks reconsideration based on *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted,* 137 S. Ct. 31 (2016), because he believes it "clearly applies to his claim." But because Petitioner's conviction does not arise from a statutory definition's residual clause and is not subject to the categorical approach, it does not involve the same "indeterminacy" at issue in *Dimaya*. *See id*. at 1110, 1115. I must therefore deny his Motion.

      In a post-conviction agreement, Petitioner admitted to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); committing a robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a); and carrying a firearm during a "crime of violence" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(c). That section of the ACCA defines "crime of violence"

1

as "a felony" that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). Part (A) is called the "elements clause" of the definition, and Part (B) is the "residual clause." Similar crime definitions—with elements and residual clauses—appear elsewhere in the ACCA and throughout federal criminal and immigration law. Section 924(e) of the ACCA is one such place; its residual clause defining "violent felony" is similar to 924(c)'s residual clause. *See* § 924(e)(2)(B) (defining "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another.").

The Supreme Court examined Section 924(e)'s residual clause in *Johnson v. United States* and concluded that it was unconstitutional. 135 S. Ct. 2551, 2557 (2015). The Court explained that "two features of the [924(e)] residual clause conspire to make it unconstitutionally vague." *Id.* at 2558. The first was the fact that the ACCA required courts to apply the "categorical approach" to determine whether his underlying conviction qualified as a violent felony under the Act. The categorical approach requires a court to look at how the law defines a particular underlying offense, rather than how the defendant might have committed it—in other words, the court must "picture the kind of conduct that the crime involves in 'the ordinary case,'" rather than the defendant's actual conduct.[1] *See id.* at 2557. The second problem was that the language of the residual clause "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." Together, these features created the clause's "hopeless indeterminacy." *Id.* at 2558.

How the *Johnson* ruling might extend to other statutory provisions, including sentence

---

[1] The categorical approach is often applied when one offense is contingent on the commission of another, underlying offense—often called a "predicate offense"—as in the context of the ACCA, sentencing guidelines, and deportation proceedings. In all of these contexts, the two offenses can be separated in time by several years, so the decision-maker may not have all (or any) of the facts of the underlying offense before her.

enhancements elsewhere in the ACCA and in the immigration context, has been and continues to be heavily litigated. But the question of whether *Johnson* would extend to Petitioner Carter's case has already been decided in *United States v. Robinson,* which shares identical, pivotal facts with Petitioner's case. *See* 844 F.3d 137 (3d Cir. 2016), *cert. denied,* No. 17-5139, 2017 WL 3008904 (U.S. Oct. 2, 2017). Robinson, like Petitioner, was "simultaneously convicted [under Section 924(c)] of brandishing a firearm while committing a Hobbs Act robbery." *See id.* at 147; *see also* Petitioner's Post-Conviction Agreement ¶ 2,[2] Dkt. 84. So for both Petitioner and Robinson, their convictions under 924(c) and the Hobbs Act arose from the same incident, rather than an earlier crime serving as the predicate for the 924(c) violation.

This fact was crucially important to the *Robinson* Court. Because Robinson's two charges—Hobbs Act robbery and brandishing a gun—were committed and tried together, the Court held that the robbery qualified as a "crime of violence" under Section 924(c)'s elements clause, § 924(c)(3)(A). And because both charges were tried to the same jury, the *Robinson* Court held that the categorical approach did not apply. Finding that the offenses satisfied the elements clause, the Court did not analyze whether § 924(c)'s residual clause would be void for vagueness under *Johnson*. *See id.* at 141. Based on these key similarities between Petitioner's case and *Robinson*, I found *Robinson* controlling and denied Petitioner's § 2255 motion.

Petitioner now asks me to reconsider based on *Dimaya*, where the Ninth Circuit examined a "crime of violence" definition similar to 924(c)'s in the context of immigration removal proceedings and determined that its residual clause was unconstitutionally vague. 803 F.3d at 1111. But *Dimaya* is different from Petitioner's case (and from *Robinson*) in two important ways: (1) *Dimaya* is based on an application of a residual clause and (2) requires application of the categorical

---

[2] "The Defendant agrees to . . . violation[s] of [the Hobbs Act], [Section 924(c) of the ACCA], and [felon in possession of a firearm]] . . . all arising from his robbery of Pete's Pizza during the late evening of December 3, 2009."

3

approach because no one jury had all the facts of both offenses before it at once. The Supreme Court in *Johnson* identified these as the factors that combine to create unconstitutional "indeterminacy," and the Third Circuit said in *Robinson* that neither factor was relevant to convictions like Petitioner's—those tried simultaneously and based on the elements clause.

The Third Circuit's decision in *Baptiste v. Attorney General* reinforces this distinction. 841 F.3d 601, 604 (3d Cir. 2016)*, petition for cert. filed,* NO. 16-97 (Feb 06, 2017). *Baptiste* examined the same statutory definition for "crime of violence" at issue in *Dimaya*, and likewise found it unconstitutionally vague because it arose under the residual clause and required the categorical approach. *Id.* at 621. These two factors, the *Baptiste* Court held, were the "indeterminate" inquiries identified in *Johnson*.

The fact that the statutory definition challenged in *Dimaya* is similar to the 924(c) definition under which Petitioner was convicted is not enough to make *Dimaya* controlling here. According to *Robinson*, the categorical approach does not apply to Petitioner's case (because his offenses were tried contemporaneously), and his offenses satisfy 924(c)'s elements clause, rather than the (less precise) residual clause. Petitioner's convictions thus lack the two sources of "indeterminacy" that combined to convince the courts in *Johnson*, *Dimaya*, and *Baptiste* that the laws challenged in those cases were unconstitutionally vague.

                                                 /s/ Gerald Austin McHugh
                                                 United States District Judge